## Case No. 5,595.

**GOODYEAR DENTAL VULCANITE CO. v. PRETERRE.**

[Cited in Celluloid Manuf'g Co. v. Goodyear Dental Vulcanite Co., Case No. 2,543. Nowhere reported; opinion not now accessible.]

[See Case No. 5,596.]

## Case No. 5,596.

**GOODYEAR DENTAL VULCANITE CO et al. v. PRETERRE.**

[15 Blatchf. 274; 3 Ban. & A. 471; 14 O. G. 346.][1]

Circuit Court, S. D. New York. Sept. 19, 1878.

PATENTS—IMPROVEMENT IN ARTIFICIAL GUMS AND PALATES—INFRINGEMENT.

1. The reissued letters patent granted to the Goodyear Dental Vulcanite Company, March 21st, 1865, originally issued to John A. Cummings, June 7th, 1864, for an "improvement in artificial gums and palates," the validity of which was settled in Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, are infringed when parts of hard rubber plates of teeth are replaced by new parts, made of the materials and according to the mode described in the patent.

[Cited in Banker v. Bostwick, 3 Fed. 518.]

2. The patent is also infringed, when the hard rubber plate formed and holding teeth in the manner prescribed in the patent is made, although it is mounted on a gold plate, which goes between it and the mouth, so that it does not touch the surface of the mouth.

3. The use of celluloid and rose pearl, in making plates in the manner described in the patent instead of hard rubber, *held* to be an infringement, although, in a prior case, in another circuit, such use was held to be not an infringement, but on different evidence.

[See Case No. 5,589.]

[This was a bill in equity by the Goodyear Dental Vulcanite Company against Adolph P. Preterre, for the alleged infringement of a patent.]

Edward N. Dickerson and Benjamin F. Lee, for plaintiffs.

Henry Baldwin, for defendant.

WHEELER, District Judge. This bill is brought for relief against alleged infringements of reissued patent No. 1,904, granted March 21st, 1865, to the Goodyear Dental Vulcanite Company, originally issued to one John A. Cummings, June 7th, 1864 [No. 43,009], and now owned by the orators, for an "improvement in artificial gums and palates." The cause has been heard upon the bill, answer, replication, proofs, and argument of counsel. The validity of the patent has been settled, as against another party in Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, and, on this argument, it is not denied by the defendant's counsel but that it

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, reprinted in 3 Ban. & A. 471, and here republished by permission.]

is valid here. It appears that the defendant operated under a license from the patentees up to January 1st, 1871. The only questions made are as to whether he is shown to have infringed since that date. It is claimed by the orators that he is shown to have done so, by making hard rubber plates of teeth, of the materials and according to the mode described in the patent; by replacing parts of such plates of teeth in like manner; by making such plates mounted upon gold plate; and by making plates according to that mode, of celluloid and rose pearl. The defendant denies making any new sets of hard rubber and claims that the other matters charged are not infringements.

I. Upon the evidence, it sufficiently appears that he has made a few plates of hard rubber within the time in dispute, but not many; perhaps, four, five, or six. The exact number must be settled by the master. All the testimony may be true, if he has; if he has not, some of it must be corruptly false. His conduct about directing the employees to call the material composition, when it is not known by that name, and in not appearing to testify himself in explanation, is more consistent with a use by him of the material known to be unlawful than the contrary. On the whole, this finding, after placing the burden of the proof of infringement upon the orators, is the most satisfactory.

II. The patent seems to be for a plate or set of teeth, formed in a particularly specified mode, of material having certain qualities. The extent of the plate in the mouth of the wearer, either as to surface of the mouth covered, or the number of teeth in the plate, is not made important. It covers one tooth with plate sufficient for it, or more teeth with plate enough for them, according to the requirements of each particular case. It is for so much plate as is needed to hold as many teeth as are wanted. If any plate, formed and holding any teeth according to the patent, is made, the patent is infringed. The defendant's witness Fisk describes the mode of making the repairs complained of. By his description, which is not disputed or varied, it appears that a part of the plate to be repaired is cut away and replaced by new, holding teeth imbedded in it, made exactly as the patented plate is. So much of the plate as is formed in that way is an infringement. It is said that the presumption is that the wearer of the plate has a right to have it repaired, and that it is no infringement to repair it. But, whether that is so or not, this replacing is not strictly a repair, like replacing a part of a machine, expected to be worn out and intended to be replaced, in the same machine. It is a new manufacture of itself, of the kind patented, embracing in itself all parts of the patented combination. The part added includes the patented product as much as if it were used alone to the same extent, and as much as the part added to would, if unauthorized. It would